IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL COLEMAN, | : | CIVIL NO. 3:CV-13-0103 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| MONICA RECKTENWALD, | : | |
| | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

On January 15, 2013, Nathaniel Coleman ("Coleman") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, while incarcerated at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), White Deer, Pennsylvania. (Doc. 1.) Coleman challenges the United States Parole Commission's ("Commission") decision to deny him parole. For the reasons that follow, the petition will be denied.

### I. Background

On August 5, 1987, Coleman was sentenced to a term of life imprisonment following his conviction in the United States District Court for the Eastern District of Pennsylvania of conspiracy to violate the civil rights of a government witness, 18 U.S.C. § 241, and obstruction of justice/aiding and abetting, 18 U.S.C. §§ 1503, 2. He became parole eligible on May 31, 1995 and his projected date based on the satisfaction of service of two thirds of his sentence is May 31, 2015. (Doc. 9-1, at 4-5.)

Coleman received an initial parole hearing on October 5, 1994. (Doc. 9-1, at 6-7.)

The hearing panel recommended that Coleman continue to a fifteen year reconsideration hearing, a recommendation above the guideline range of 120+ months, "because [he] was convicted for the murder of a government witness who was to testify against him within 2 days of his brutal murder. He was stabbed a total of 24 times about the neck, arms and upper chest area." (Id. at 7.) On October 26, 1994, the Commission issued a notice of action informing Coleman that parole was denied and that further consideration of parole would be continued to a fifteen-year reconsideration hearing scheduled to take place in October 2009. (Id. at 8.) The fifteen-year hearing is a "full reassessment of the case." 28 C.F.R. § 2.14(c). The National Appeals Board affirmed the decision on administrative appeal. (Id. at 9.)

Statutory interim hearings took place in 1997, 1999, 2001, and 2005. Each time, the Commission notified Coleman that there would be no change in the decision concerning the 15 year reconsideration hearing date. (Doc. 9-1, at 10-16.)

His fifteen-year reconsideration hearing was held on January 28, 2010. The hearing examiner recommended that Coleman be paroled after service of 336 months. (Doc. 9-1, at 17-18.) However, the reviewing examiner disagreed, and recommended that parole be denied and that he be required to serve to the expiration of his sentence. (Id. at 18.) It was noted that the case qualified for original jurisdiction consideration based on the length of Coleman's sentence.[1] (Id. at 19.) On April 2, 1010, the Commission issued a notice of action informing Coleman that his case was designated as original jurisdiction. (Id. at 20.)

---

[1] Original jurisdiction requires all members of the Parole Commission to vote on the case. 28 C.F.R. § 2.17.

Shortly thereafter, the full Commission notified Coleman *via* notice of action dated April 8, 2010, that he would be required to serve to the expiration of his sentence based on the following reasons:

> Your offense behavior has been rated as Category Eight severity because it involved Conspiracy to Violation [sic] the Civil Rights of a Government Witness with Death Resulting. Your salient factor score is 7 . . . You have been in federal confinement as a result of your behavior for a total of 296 months as of 1/31/2010. Guidelines established by the Commission for the above offense behavior indicate a range of 120+ months to be served before release for cases with good institutional adjustment and program achievement. After review of all the relevant factors and information presented, a decision exceeding the lower limit of the applicable guideline category by more than 48 months is warranted based on the following pertinent case factors: Your offense behavior involved the murder of an individual that had made recordings of drug purchases with you and was scheduled to testify at your criminal trial within days of his murder. The Commission believes that because you were involved in a murder to silence a witness that was to provide evidence against you in a criminal trial, your release on discretionary parole would depreciate the seriousness of the offense behavior and promote disrespect for the law.

(Id. at 21-23.) He was unsuccessful on appeal. (Id. at 24.)

On February 15, 2012, a statutory interim hearing was held. (Doc. 9-1, at 24-27.) It was noted that, according to Federal Bureau of Prisons representative, Coleman is well respected among Bureau of Prisons staff and other inmates. (Id. at 26.) And, despite being unable to pass his GED tests, Coleman has "worked very hard and has continued progress through the programming available at the Allenwood facility." (Id. at 26.) He had "been trying for over 300 months to receive a GED and has not yet been able to do that." (Id.) It was also stated that Coleman's salient factor score of seven and the category severity rating of eight remained unchanged. (Id.) The examiner also referenced documents submitted by

Coleman indicating why he should be paroled. "In this packet, the subject has identified that he saved a girl's life in the visiting room, and it appears to be accurate whereas the warden and other staff have witnessed and given him letters of appreciation for his efforts. It is believed that the subject at 67 years of age did this act of heroic action by saving another individual's life while she was choking. For this reason the Commission should review that and determine if it was reviewed at the last hearing. This examiner did not have the benefit of the file to determine if that is actually the case . . . Nevertheless, this examiner believed the appropriate action with the information supplied at the [sic] today's hearing is no change and continue to expiration." (Id.) On March 16, 2012, the full Commission issued an original jurisdiction decision *via* a notice of action indicating that as a result of the hearing conducted on February 15, 2012, there would be "[n]o change in continue to expiration." (Id. at 28.)

Coleman sought reconsideration arguing that his due process rights were violated because the hearing examiner did not have the benefit of review of the materials that Coleman submitted. (Doc. 91-1, at 30.) The National Appeals Board (the "Board") informed him that the bound material that he submitted was part of his Commission file and is presumed to have been considered by the Commission. (Id.) The Board also considered the information that he submitted with his petition for reconsideration and concluded as follows: "Your most recent hearing was a statutory interim hearing at which the Commission reviews any changes in the record since the last hearing. Despite the favorable information that you provided, the Commission decided that it did not outweigh the seriousness of your

4

offense conduct. The reasons provided by the Commission are adequate for this type of hearing." (Id.)

In the instant petition, Coleman seeks relief on the grounds that "[t]he parole commission abused its discretion by failing to consider or weight petitioner's documentary evidence which was probative of any release decision, resulting in a violation of petitioner's due process rights." (Doc. 1, at 5.)

## II. Discussion

Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (quoting 28 U.S.C. §§ 2241(a) and (c) (3)). Although the Third Circuit Court of Appeals has yet to clearly define the meaning of "execution" in this context, it has cited approvingly holdings from other circuits finding that a Section 2241 motion properly challenges " 'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.' " Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)).

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). To the extent that any liberty interest exists, it must be created by the applicable parole statute. Id. Furthermore, even if a liberty interest exists, due process requires only that a hearing be provided, and that the

5

prisoner be given a statement of reasons for denial of parole, if parole is denied. Board of Pardons v. Allen, 482 U.S. 369 (1987).

As to a parole decision rendered by the Commission, it is well settled that the determination of eligibility for parole has been committed by Congress to the discretion of the Commission. United States v. Addonizio, 442 U.S. 178 (1979); Campbell v. United States Parole Commission, 704 F.2d 106 (3d Cir.1983). Therefore, a federal court's review of a decision issued by the Commission is limited. Furnari v. Warden, Allenwood Federal Correctional Inst., 218 F.3d 250, 254 (3d Cir. 2000). "The appropriate standard of review of the Commission's findings of fact 'is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons.' Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir.1976); see also 28 C.F.R. § 2.18 ("The granting of parole to an eligible prisoner rests in the discretion of the United States Parole Commission.")." Furnari, 218 F.3d at 254. To that end, the review should consider whether the Parole Commission " 'has followed criteria appropriate, rational and consistent' with its enabling statutes so that its 'decision is not arbitrary and capricious, nor based on impermissible considerations.' " Id. ( quoting Zannino, 531 F.2d at 690).

As noted in Furnari, "[t]he Commission is required, under 18 U.S.C. § 4206(b), to 'state with particularity the reasons' for a denial of parole. See also 28 C.F.R. § 2.13(c) ('At the conclusion of the hearing, the examiner shall discuss the decision to be recommended by the examiner, and the reasons therefor, except in the extraordinary circumstances of a

6

complex issue that requires further deliberation before a recommendation can be made.')" Furnari, 218 F.3d at 256. This also applies to a decision rendered following an interim hearing where significant new information is brought to the attention of the Commission. Id. at 256-57. Specifically, 28 C.F.R. § 2.14, which provides for an interim hearing, requires that the interim hearing "shall be conducted by an examiner pursuant to the procedures of § 2.13(b), (c), (e), and (f). . . ." See 28 C.F.R. § 2.14(a)(1). Section 2.13(c) requires that the examiner discuss "the decision" and "the reasons therefor." Significantly, an interim hearing is not a *de novo* determination of the prisoner's presumptive release date but a review of developments subsequent to the Commission's initial determination. See 28 C.F.R. § 2.14(a) ("The purpose of an interim hearing required by 18 U.S.C. § 4208(h) shall be to consider any significant developments or changes in the prisoner's status that may have occurred subsequent to the initial hearing."). Consequently, where the petitioner has presented significant new information to the Commission, the Commission's failure to consider it, or to provide a new statement of reasons for denying parole in light of the new information, is thus a violation of the statute and the regulations. "[W]hen new information is significant enough to seriously undermine the basis for the initial determination, the Parole Commission must provide a proper statement of reasons when it denies parole following an interim hearing. It cannot continue to rely on the statement of reasons from the initial determination, which no longer can suffice." Funari, 218 F.3d at 257.

Coleman's contention that the Commission's decision to deny him parole was arbitrary and capricious and amounted to an abuse of discretion, because they failed to

consider favorable material he submitted, is meritless. Following the interim hearing the favorable material submitted by Coleman was specifically referenced by the hearing examiner. Although he was unable to verify the information, he noted that it warranted review by the Commission. He also indicated that despite the information submitted by Coleman, the appropriate action was "no change and continue to expiration." (Doc. 9-1, at 26.) On appeal, the National Appeals Board informed him that the bound material submitted by him was part of his parole file. Further, the material was reviewed and the Board concluded that "[d]espite the favorable information . . . provided, the Commission decided that it did not outweigh the seriousness of [the] offense conduct." It is evident that the Commission considered the additional material submitted by Coleman.

Additionally, there is a rational basis in the record for the Commission's decision of "[n]o change in continue to expiration." (Doc. 9-1, at 28.) As noted above, at Coleman's fifteen year reconsideration hearing, the Commission rated his offense behavior as Category Eight severity because it involved Conspiracy to Violate the Civil Rights of a Government Witness with Death Resulting, and his salient factor score was set at seven. The Commission found that " because you were involved in a murder to silence a witness that was to provide evidence against you in a criminal trial, your release on discretionary parole would depreciate the seriousness of the offense behavior and promote disrespect for the law." (Id. at 21.) Following the statutory interim hearing, despite Coleman's contention to the contrary, "[t]he hearing examiner did not recommend that [he] be granted parole at this consideration." (Id. at 30.) Rather, he noted that his salient factor score of seven and the category severity rating

of eight remained unchanged and recommended that there be no change and that he be continued to expiration. (Id. at 26.) Coleman was reminded by the National Appeal Board that the most recent hearing was a statutory interim hearing at which the Commission reviews any changes in the record since the last hearing and "[d]espite the favorable information that you provided, the Commission decided that it did not outweigh the seriousness of [Coleman's] offense conduct." (Id.) Because there is a rational basis in the record for the Commission's interim statutory hearing decision of "[n]o change in continue to expiration," the petition will be denied.

### III. Conclusion

For the reasons set forth above, the petition will be denied. An appropriate Order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated:  February 3, 2014